# EXHIBIT 1

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

---

Sprout Salad LLC
d/b/a Sprout Salad Company;
Daniel Gittsovich; and
Dmitry Kenigsberg,

       Plaintiffs,

v.

Minneapolis Huron Properties I, LLC,

       Defendant.

Case Type:  Other Civil/Declaratory Judgment

**SUMMONS**

---

THIS SUMMONS IS DIRECTED TO **MINNEAPOLIS HURON PROPERTIES I, LLC**.

    1. **YOU ARE BEING SUED.** The Plaintiffs have started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

        Mark W. Vyvyan
        Fredrikson & Byron, P.A.
        200 South Sixth Street, Suite 4000
        Minneapolis, MN 55402-4125

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the complaint. If you do not want to contest the claims stated in the

complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: July 10, 2020

/s/ *Mark W. Vyvyan*
Mark W. Vyvyan (#07957)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone – (612) 492-7000
Fax – (612) 492-7077

Attorneys for Plaintiffs

70412891 v2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Sprout Salad LLC<br>d/b/a Sprout Salad Company;<br>Daniel Gittsovich; and<br>Dmitry Kenigsberg,<br><br>            Plaintiffs,<br><br>v.<br><br>Minneapolis Huron Properties I, LLC,<br><br>            Defendant. | Case Type:  Other Civil/Declaratory Judgment<br><br>**COMPLAINT** |

Plaintiffs Sprout Salad LLC d/b/a Sprout Salad Company ("Sprout Salad"), Daniel Gittsovich ("Gittsovich") and Dmitry Kenigsberg ("Kenigsberg"), for their Complaint against Defendant Minneapolis Huron Properties I, LLC ("Huron Properties"), state and allege as follows:

### PARTIES

1.     Sprout Salad is a Minnesota limited liability company, authorized to do business in Minnesota, with a registered office address of 17030 9th Avenue North, Plymouth, Minnesota, 55447.

2.     Gittsovich is an individual residing in Hennepin County, Minnesota and is a member and officer of Sprout Salad.

3.     Kenigsberg is an individual residing in Hennepin County, Minnesota and is a member and officer of Sprout Salad.

4.     Huron Properties is a Delaware limited liability company, with a registered office address of 2345 Rice Street, Suite 230, Roseville, Minnesota, 55113.

1

## BACKGROUND

5.     On November 24, 2015, Sprout Salad and Huron Properties entered into a Retail Lease ("Lease"). The Lease allowed Sprout Salad to occupy a portion of the commercial real property located at 309 Huron Boulevard SE in Minneapolis (the "Premises") for the purpose of operating a restaurant serving soups, salads, sandwiches, wraps, related food items, and non-alcoholic beverages. In exchange for the use of the Premises, Sprout Salad promised to pay rent and other charges to Huron Properties.

6.     At the time of execution of the Lease, Gittsovich and Kenigsberg executed a Lease Guaranty ("Guaranty") wherein Gittsovich and Kenigsberg guaranteed to Huron Properties the full payment, performance, and observance of Sprout Salad's obligations under the Lease.

7.     By early March 2020, the novel coronavirus ("COVID-19") pandemic emerged in Minnesota and continued to spread. Minnesota Governor Tim Walz declared a peacetime emergency in response to the pandemic.

8.     On March 16, 2020, Governor Walz ordered the closure of all restaurants to dine-in customers as part of the State of Minnesota's efforts to slow the spread of the COVID-19 virus.

9.     The COVID-19 pandemic and ensuing governmental actions forced Sprout Salad to close its business.

10.    Sprout Salad's business was forced by the pandemic and the government orders to remain closed for the rest of March and for the entirety of April and May.

11.    On April 10, 2020, Sprout Salad, through counsel, notified Huron Properties that Sprout Salad's performance under the Lease had become impossible as a result of the forced

2

closure. Sprout Salad further notified Huron Properties that Sprout Salad's obligations under the Lease, including payment of rent for April 2020 and thereafter, were accordingly suspended.

12. At the end of May 2020, Huron Properties placed plywood on the majority of the exterior of the building in which Sprout Salad's business is located. For approximately two weeks, the plywood covered the exterior of the Premises. The plywood has given the building a foreboding and unattractive appearance which further exacerbated Sprout Salad's inability to operate in the Premises.

13. Effective June 10, 2020, Governor Walz allowed restaurants with indoor dining to reopen. However, government restrictions severely limited capacity at which restaurants could operate and required restaurants to maintain social distancing measures.

14. Further, because of the nature of Sprout Salad's operations and the size and configuration of the Premises, Sprout Salad remained unable to operate its restaurant despite the relaxation of the government's orders. Sprout Salad will be financially unable to operate in the premises at any point in the foreseeable future.

15. On July 6, 2020, Sprout Salad, through counsel, notified Huron Properties that its restaurant would remain unable to operate because of the pandemic and the continuing governmental restrictions. Sprout Salad further notified Huron Properties that Sprout Salad's obligations under the Lease therefore continued to be suspended indefinitely.

16. In the July 6th letter, Sprout Salad also exercised its right to terminate the Lease under Section 12.1A. Section 12.1A gives Sprout Salad the right to terminate the Lease if more than 25% of the Premises is taken under the power of a public authority. The governmental actions described above have had the effect of taking the Premises because Sprout Salad is no longer able to operate therein.

17. Although Sprout Salad's performance under the lease has been rendered impossible by the pandemic and ongoing governmental restrictions, Huron Properties has recognized neither the suspension of Sprout Salad's obligation to pay rent under the Lease nor Sprout Salad's termination of the Lease. Huron Properties continues to demand payment of all rent and charges due under the Lease for the months of April, May, June, and every month thereafter.

## COUNT ONE
### (Declaratory Judgment Terminating Lease)

18. Plaintiffs re-allege and incorporate by reference each of the previous paragraphs of this Complaint.

19. Sprout Salad has been unable to operate its business because of the COVID-19 pandemic and resulting governmental actions.

20. Sprout Salad will remain unable to operate its business because of the COVID-19 pandemic and resulting governmental actions for the foreseeable future.

21. When it entered the Lease, Sprout Salad neither knew nor had reason to know that it would be unable to operate its business because of a pandemic and resulting governmental actions.

22. Under the doctrine of impossibility or impracticability, Sprout Salad's obligations to pay rent and related charges under the Lease are excused.

23. Sprout Salad's purpose in entering the Lease was to operate a restaurant serving soups, salads, sandwiches, wraps, related food items, and non-alcoholic beverages.

24. Sprout Salad and Huron Properties entered into the Lease on the assumption that Sprout Salad would be able to operate a restaurant in the Premises serving soups, salads, sandwiches, wraps, related food items, and non-alcoholic beverages.

25. Sprout Salad cannot operate its restaurant in the Premises as a result of the COVID-19 pandemic and resulting governmental actions.

26. Sprout Salad's purpose under the Lease has thus been, and continues to be, substantially frustrated through no fault of its own, and Sprout Salad's remaining obligations under the Lease are discharged.

27. Huron Properties' placing of plywood over the majority of the exterior of the building in which Sprout Salad's business is located further interfered with Sprout Salad's ability to operate.

28. Huron Properties constructively evicted Sprout Salad when it placed the plywood over the exterior of the building in which Sprout Salad's business is located.

29. The forced closure of Sprout Salad's business by government action and the continuing government restrictions constitute a taking of the Premises.

30. Sprout Salad rightfully exercised its right under Section 12.1A of the Lease to terminate the Lease after such a taking.

31. For the foregoing reasons, Plaintiffs are entitled to a judgment declaring that the Lease is terminated, and accordingly, that Sprout Salad's obligations under the Lease, including obligations to pay rent and related charges, are terminated.

### COUNT TWO
### (Declaratory Judgment Suspending Lease Obligations)

32. Plaintiffs re-allege and incorporate by reference each of the previous paragraphs of this Complaint.

33. In the alternative, for the reasons stated in ¶¶ 16-23, Plaintiffs are entitled to a judgment declaring that Sprout Salad's obligations under the Lease, including obligations to pay rent and related charges, are suspended for the duration of the COVID-19 pandemic.

## COUNT THREE
### (Declaratory Judgment Terminating the Guaranty)

34. Plaintiffs re-allege and incorporate by reference each of the previous paragraphs of this Complaint.

35. For the reasons stated in ¶¶ 16-28, the Lease is terminated.

36. Termination of the Lease necessarily terminates the obligations under Guaranty.

37. Plaintiffs are entitled to a judgment that Gittsovich and Kenigsberg have no further obligations under the Guaranty.

WHEREFORE, Plaintiffs request relief as follows:

1. Judgment declaring the Lease terminated and Sprout Salad has no obligations thereunder;

2. In the alternative, judgment declaring Sprout Salad's obligations under the Lease suspended for the duration of the COVID-19 pandemic;

3. Judgment declaring the Guaranty terminated and that Gittsovich and Kenigsberg have no obligations thereunder;

4. Awarding Plaintiffs their costs, disbursements and reasonable attorneys' fees incurred herein (as allowed under the Lease); and

5. Granting such other and further relief as the Court deems just and equitable.

Dated: July 10, 2020,    /s/ *Mark W. Vyvyan*
Mark W. Vyvyan (#0280070)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
mvyvyan@fredlaw.com

Attorneys for Plaintiffs

## ACKNOWLEDGMENT

Plaintiffs, through undersigned counsel, acknowledge that sanctions may imposed under Minn. Stat. § 549.211.

Dated: July 10, 2020,    /s/ *Mark W. Vyvyan*
Mark W. Vyvyan (#0280070)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
mvyvyan@fredlaw.com

Attorneys for Plaintiffs

70413129 v4

State of Minnesota  
Hennepin County

District Court  
Fourth Judicial District  
Court File Number: 27-CV-20-9505  
Case Type: Civil Other/Misc.

## Notice of Judicial Assignment-
## General Civil Block Cases

MINNEAPOLIS HURON PROPERTIES I, LLC  
2345 RICE STREET  
SUITE 230  
ROSEVILLE MN  55113

---

**Sprout Salad LLC, d/b/a Sprout Salad Company, Daniel Gittsovich, and Dmitry Kenigsberg vs Minneapolis Huron Properties I, LLC**

Date Case Filed: July 17, 2020  
All future papers must include the above file number, name of assigned judge, attorney identification number, and must otherwise conform to format requirements or they will be returned.

This case is assigned the following judicial officer for all further proceedings:

**District Court Judge Thomas Fraser**  
612-543-1796

**Mailing Address:** 300 South Sixth Street, MC 332, Minneapolis, MN 55487-0332

**Parties**: If you receive this notice and have obtained an attorney, notify him/her of this assignment immediately.

**Attorneys**: Only the first listed attorney for a party is being sent this notice. If you are the attorney receiving this notice, contact all other attorneys representing your party of the judge assignment and requirements.

The filing attorney/party is responsible for notifying all attorneys/parties not listed on the Civil Cover Sheet of the judge assignment and requirements.

Per Supreme Court order, e-filing is mandatory in this case for all attorneys and government agencies. Unrepresented parties are excluded by this order. Attorneys or government agencies must also e-serve all documents required or permitted to be served on other attorneys or government agencies. Upon receipt of this notice, attorneys and government agencies shall immediately add their firm/agency's service contact(s) for this case to the e-filing system. For further information on e-filing, go to: http://www.mncourts.gov/district/4/?page=3953.

All future hearings and trial dates will be scheduled by the courtroom staff. Check with the Court Display Monitors on the Public Service Level for the location on the day of the hearing.

A notice to remove this judicial officer must comply with Minnesota Rules of Civil Procedure 63.03 and Minnesota Statute § 542.16.

Failure to timely file any required document or other failure to comply with the General Rules of Practice for the District Courts may result in the impositions of sanctions, including possible dismissal of the case or striking of the Answer.

The Minnesota Supreme Court has adopted time objectives for the disposition of civil cases. The Fourth Judicial District adheres to these objectives which are: 90% of the cases should be disposed of within 12 months, 97% within 18 months, and 99% within 24 months of filing.

Dated: July 17, 2020

Sarah Lindahl-Pfieffer  
Court Administrator  
Hennepin

cc:   MARK WILLIAM VYVYAN